UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BROOKE RAMOS AND TAYLOR JONES | CIVIL ACTION NO.: |
| Plaintiffs | SECTION: |
| vs. | MAGISTRATE: |
| FAMOUS BOURBON MANAGEMENT GROUP, INC., 327 BOURBON STREET, INC. (AKA "TEMPTATIONS"), TEMPTATIONS, INC. (AKA "STILETTOS"), PLATINUM BOURBON, INC. (AKA "LIPSTICKS"), SILVER BOURBON, INC. (AKA "MANSION ON BOURBON " OR "SCORES"), BRASS BOURBON, INC.  (AKA "BOURBON BAD BOYS" AKA "FISHBOWLS SOLD HERE"), LA BEAUTI, INC. (AKA "BEERFEST"), JAXX'S HOUSE, INC. (AKA "JAZZ CAFÉ"), MANHATTAN FASHION, LLC (AKA "SCORES WEST"), FAIS DEAUX-DEAUX, INC. (AKA "LAST CALL"), FIORELLA'S ON DECATUR, INC. (AKA "FIORELLA'S CAFÉ"), BOURBON BURLESQUE CLUB, INC., (AKA "TEMPTATIONS"), N'AWLINS ENTERTAINMENT OF LOUISIANA, INC. D/B/A N'AWLINS ENTERTAINMENT GROUP; GUY OLANO, III, GUY OLANO, JR. AND JOSEPH ASCANI | |
| Defendants. | |

**COLLECTIVE ACTION COMPLAINT**

1

## INTRODUCTION

Plaintiffs Brooke Ramos and Taylor Jones assert claims for unpaid overtime and minimum wages on behalf of themselves and all others similarly situated pursuant to the collective action provisions of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), against Defendants Famous Bourbon Management Group, Inc., 327 Bourbon Street, Inc. (aka "Temptations"), Temptations, Inc. (aka "Stilettos"), Platinum Bourbon, Inc. (aka "Lipsticks"), Silver Bourbon, Inc. (aka "Mansion on Bourbon " or "Scores"), Brass Bourbon, Inc. (aka "Bourbon Bad Boys" aka "Fishbowls Sold Here"), La Beauti, Inc. (aka "Beerfest"), Jaxx's House, Inc. (aka "Jazz Café"), Manhattan Fashion, LLC (aka "Scores West"), Fais Deaux-Deaux, Inc. (aka "Last Call")(which operates five to six beer stands in the French Quarter), Fiorella's on Decatur, Inc. (aka "Fiorella's Café"), Bourbon Burlesque Club, Inc. (aka "Temptations"), Guy Olano, III, Guy Olano, Jr. and Joseph Ascani (collectively "Defendants"), due to Defendants' actions of taking a "tip credit" and paying them less than $7.25 per hour, but requiring them to "kick back" a portion of their tips to Defendants' owners and management staff.  In so doing, Defendants acted in a coordinated and calculated scheme and with a common practice and purpose, deliberately and willfully violated Plaintiffs' and the putative FLSA Collective Classes' rights under the FLSA.

1. Plaintiffs Ramos and Jones define the Ramos Class as follows:

    All persons employed by Defendants since June 2015 who were subjected to an invalid tip credit policy because they were required to kick back a portion of their tips to Defendants' owners and managers in violation of the FLSA.

## JURISDICTION

2. Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1337, this action arising under Acts of Congress

regulating commerce; and by 28 U.S.C. §1331, this action involving questions of federal law. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff Brooke Ramos at all times pertinent hereto was a resident of the State of Louisiana and worked for Defendants as a waitress. She was subjected to Defendants' policy of taking a "tip credit" and therefore not paying her the regular minimum wage of $7.25 per hour. However, Defendants also required her to "kick back" a portion of her tips to Defendants' owners and managers. In this manner, Plaintiff Ramos did not receive all minimum wage and/or overtime pay she was owed for all hours that she worked.

5. Plaintiff Taylor Jones at all times pertinent hereto was a resident of the State of Louisiana and worked for Defendants as a waitress. She was subjected to Defendants' policy of taking a "tip credit" and therefore not paying her the regular minimum wage of $7.25 per hour. However, Defendants also required her to "kick back" a portion of her tips to Defendants' owners and managers. In this manner, Plaintiff Jones did not receive all minimum wage and/or overtime pay she was owed for all hours that she worked.

6. Named Defendants herein are:
    a. Famous Bourbon Management Group, Inc., a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

b. 327 Bourbon Street, Inc. (aka "Temptations"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

c. Temptations, Inc. (aka "Stilettos"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

d. Platinum Bourbon, Inc. (aka "Lipsticks"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

e. Silver Bourbon, Inc. (aka "Mansion on Bourbon" or "Scores"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

f. Brass Bourbon, Inc. (aka "Bourbon Bad Boys" aka "Fishbowls Sold Here"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

g. La Beauti, Inc. (aka "Beerfest"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

h. Jaxx's House, Inc. (aka "Jazz Café"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

i. Manhattan Fashion, LLC (aka "Scores West"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

j. Fais Deaux-Deaux, Inc. (aka "Last Call")(which operates five to six beer stands in the French Quarter), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

k. Fiorella's on Decatur, Inc. (aka "Fiorella's Café"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

    l. Bourbon Burlesque Club, Inc. (aka "Temptations"), a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana;

    m. N'Awlins Entertainment of Louisiana, Inc. d/b/a N'Awlins Entertainment Group;

    n. Guy Olano, III, individually, is named as a joint employer in this action due to his role in the management and operation of the corporate defendants;

    o. Guy Olano, Jr., individually, is named as a joint employer in this action due to his role in the management and operation of the corporate defendants; and

    p. Joseph Ascani, individually, is named as a joint employer in this action due to his role in the management and operation of the corporate defendants.

7. Upon information and belief, Defendants Guy Olano, III, Guy Olano, Jr., Joseph Ascani and/or the corporate Defendants – which are owned and/or operated or managed by the same person or persons and which employ the same persons and which use the same materials and supplies interchangeably – own and operate several businesses in the New Orleans French Quarter under the "umbrella" of Defendant Famous Bourbon Management Group, Inc., meaning that all scheduling, payroll and employment policies are governed by the policies and procedures promulgated by the Olanos and/or Mr. Ascani and that although nominally incorporated, these entities all act as a unit operating under the direct control of the Olanos and/or Mr. Ascani.

## JOINT EMPLOYER ALLEGATIONS

8. All previous paragraphs are incorporated as though fully set forth herein.

9. Defendants operate a series of bars, restaurants and clubs in the New Orleans area.

10. Although Defendants make a pretense of incorporating each of these locations, they are all owned, managed and operated by Guy Olano, III, Guy Olano, Jr., and/or Joseph Ascani under the self-described "umbrella" of Famous Bourbon Management Group, Inc.

11. Guy Olano, III, Guy Olano, Jr., and Joseph Ascani directed and monitored the work of Plaintiff and the FLSA Collective Action Class at the bars, restaurants and clubs operated by Defendants.  For example, the Olanos and Mr. Ascani directly and indirectly (i) hired and fired employees of the Famous Bourbon Umbrella entities; (ii) set their schedules and work hours; (iii) assigned and monitored their work; (iv) supervised and evaluated their work; (v) set the payroll policies at issue in this litigation and (vi) determined rates of pay.

12. The Famous Bourbon "umbrella" entities, all of which are operated by Defendants, all share the same employees, operate under the same policies and procedures with respect to accounting, management, scheduling, payroll and payment practices (including a blanket prohibition on paying overtime) and were referred to by Defendants to Plaintiffs as "the Company."

13. Plaintiffs and the FLSA Collective Action Class were paid for all of their work for Defendants through paychecks issued from a checking account owned or managed by Famous Bourbon Management Group, Inc., regardless of where they worked, and their checks were not broken down by hours or locations where they worked.

14. At all times pertinent hereto, Defendants regularly and routinely employed Plaintiffs and the FLSA Collective Action Class to work for more than 40 hours per week, but did not pay them one and one-half times the requisite rate of pay for any hours worked in excess of 40 per week.

6

15. In addition, despite being required to provide Plaintiffs a rate of pay that equaled the federal minimum wage rate, Defendants did not pay Plaintiffs and the FLSA Collective Action Class the federally-mandated minimum wage.

16. At all times, Defendants controlled the time, manner and place where Plaintiffs and the FLSA Collective Action Class worked. Plaintiffs and the FLSA Collective Action Class had no control over the location where they worked for each shift, how long they worked for each shift or the manner in which they performed their work. This was determined by Defendants collectively.

17. Pursuant to 29 C.F.R. § 791.2, Defendants constitute Plaintiffs and the FLSA Collective Action Class's "joint employers" under the FLSA because "employment by one Defendant is not completely disassociated from employment by the other Defendant" and therefore "all of the employee['s] work for all of the joint employers during the workweek is considered as one employment for purposes of the Act."

**FACTUAL BACKGROUND**

18. Plaintiffs were hired by Defendants to work in a network of bars/restaurants operated by Defendants in the New Orleans French Quarter under the ownership, operation, management or control of Defendants.

19. At all times material hereto, Plaintiffs and the members of the FLSA Collective Action Classes were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

20. At all times material hereto, Plaintiffs and the members of the FLSA Collective Action Classes were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

21. Specifically, Defendants served customers who traveled interstate, used materials and food products from out of state in their products and utilized interstate wires to make financial transactions as a routine part of their business and the services provided to Defendants by Plaintiffs and the members of the FLSA Collective Action Classes were an integral part of Defendants' interstate business.

22. At all times material hereto, Plaintiffs and the members of the FLSA Collective Action Classes were the "employees" of Defendants within the meaning of FLSA.

23. At all times material hereto, Defendants, acting through its network of bars and restaurants in the New Orleans French Quarter, were an "enterprise engaged in commerce" within the meaning of FLSA.

24. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

25. At all times material hereto, the work performed by the Plaintiffs and the members of the FLSA Collective Action Classes were directly essential to the business performed by Defendants.

26. Even though the bars, restaurants and clubs operated by Defendants are separate locations, they all shared employees, owners, and supplies and were all operated by Defendants Guy Olano, III, Guy Olano, Jr., and/or Joseph Ascani under the self-described "umbrella" of Famous Bourbon Management Group, Inc.

27. Specifically, Defendants operate as a unified entity under a unified general management and policies, including policies regarding payroll, scheduling and employment of Plaintiff and the FLSA Collective Action Class.

28. Plaintiffs Ramos and Jones and the members of the proposed class also often worked more than 40 hours per week for Defendants.

29. In calculating the rate of pay for Plaintiffs Ramos and Jones and the members of the proposed class, Defendants took a "tip credit", meaning that they offset the minimum wage they paid to Plaintiffs Ramos and Jones and the members of the proposed class by the tips that those employees received.

30. However, Defendants also required Plaintiffs Ramos and Jones and the members of the proposed class to "kick back" a percentage of their tips to Defendants' owners and managers.

31. In order to take a "tip credit" and therefore be relieved of having to pay Plaintiffs Ramos and Jones and the members of the proposed class the federally-mandated $7.25 per hour, Defendants were prohibited from taking these employees' tips.

32. In requiring Plaintiffs Ramos and Jones and the members of the proposed class to "kick back" a portion of their tips to ownership and management, Defendants violated this provision of the FLSA and therefore, their efforts to take a "tip credit" are invalid.

33. Accordingly, Plaintiffs Ramos and Jones and the members of the proposed class are entitled to payment of the difference between their hourly rate of pay and the federal minimum wage (including any overtime pay that was improperly paid at the "tip credit amount of pay") and also to the return of any tips improperly "kicked back" to Defendants.

34. Additionally, Defendants have begun coercing employees to sign an agreement whereby they purport to "agree" to pay Defendants 50% of their tips. Defendants have threatened to terminate any employee who does not sign this agreement.

35. This agreement is blatantly unlawful, as employees may not waive their rights to the provisions of the FLSA and Defendants' threats to fire any employee who does not sign this unlawful agreement constitutes retaliation under the FLSA.

36. Accordingly, any employee who is terminated, either directly or constructively, or otherwise retaliated against for not signing Defendants' unlawful agreement is entitled to damages and liquidated damages.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiffs bring the claims for unpaid overtime and unpaid minimum wage asserted herein as a collective action pursuant to the FLSA, 29 U.S.C. §216(b).

38. Plaintiffs' claims for violations of the FLSA's overtime and unpaid minimum wages may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, for the unpaid overtime and minimum wage claims asserted by Plaintiffs are similar to the claims for unpaid overtime and minimum wages of the members of the Plaintiffs' respective proposed Collective Action Classes.

39. Members of the proposed Collective Action Classes are similarly situated, as they have substantially similar job requirements and provisions and are subject to a common practice, policy or plan that requires them to perform work without minimum wage and/or overtime compensation.

40. Plaintiffs are representative of the other current and former employees that comprise their respective proposed Collective Action Classes and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action.

41. Plaintiffs will fairly and adequately represent and protect the interests of the members of the proposed Collective Action Classes.  Plaintiffs have retained counsel competent and experienced in complex employment class action and collective action litigation.

42. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

43. These similarly situated employees may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

**COUNT I: COLLECTIVE ACTION CLAIM FOR VIOLATION OF FEDERAL MINIMUM WAGE AND OVERTIME REQUIREMENTS; FLSA RETALIATION**

44. All previous paragraphs are incorporated as though fully set forth herein.

45. Defendants, though their various locations in the New Orleans French Quarter, operated as joint employers covered by the minimum wage and overtime pay mandates of the FLSA, and Plaintiffs Ramos and Jones and the proposed class were entitled to the FLSA's minimum wage and overtime protections.

46. Specifically, the FLSA requires that employees who work over 40 hours in a workweek receive overtime compensation "not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1) and 29 U.S.C. § 215(a)(2).

47. The FLSA also requires that employees must be paid a minimum hourly wage during an applicable pay period.  29 U.S.C. § 206 and 29 U.S.C. § 215(a)(2).

48. Defendants violated the FLSA by failing to pay Plaintiffs Ramos and Jones and the proposed class the legally mandated hourly overtime premium for hours worked over 40 in a workweek when Plaintiffs Ramos and Jones and the proposed class often worked

many hours in excess of 40 hours and also, depending on the number of hours worked by Plaintiffs Ramos and Jones and the proposed class, failed to pay them the federally-mandated minimum rate of pay for every hour that they worked.

49. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiffs Ramos and Jones and the proposed class as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

50. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

51. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs Ramos and Jones and the proposed class at the federally-mandated minimum wage for all hours worked and/or for failing to pay Plaintiffs Ramos and Jones and the proposed class at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was and is due.

52. Defendants have failed to properly disclose or apprise Plaintiffs Ramos and Jones and the proposed class of their rights under the FLSA.

53. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs Ramos and Jones and the proposed class suffered lost minimum wage and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

54. Additionally, Defendants' threats to retaliate against employees who do not sign a blatantly unlawful agreement whereby they purport to "agree" to pay Defendants 50% of their tips constitutes retaliation under the FLSA.

55. Accordingly, any employee who is terminated, either directly or constructively, or otherwise retaliated against for not signing Defendants' unlawful agreement is entitled to damages and liquidated damages.

56. Plaintiffs Ramos and Jones and the proposed class are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## CONSENT

57. Plaintiff Ramos' and Plaintiff Jones' consent to file this Complaint is evidenced by their signatures on the FLSA Consent Form that is attached hereto *in globo* as Exhibit "A."

## ATTORNEY'S FEES

58. Plaintiffs are entitled to an award of prevailing party attorney's fees pursuant to the FLSA 29 U.S.C. § 201-209.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Brooke Ramos and Taylor Jones, pray that Defendants Famous Bourbon Management Group, Inc., 327 Bourbon Street, Inc. (aka "Temptations"), Temptations, Inc. (aka "Stilettos"), Platinum Bourbon (aka "Lipsticks"), Silver Bourbon/Mansion on Bourbon (aka "Scores"), Brass Bourbon (aka "Bourbon Bad Boys" aka "Fishbowls Sold Here"), La Beauti, Inc. (aka "Beerfest"), Jaxx's House, Inc. (aka "Jazz Café"), Manhattan Fashion, LLC (aka "Scores West"), Fais Deaux-Deaux, Inc. (aka "Last Call"), Fiorella's on Decatur, Inc. (aka "Fiorella's Café"), Bourbon Burlesque Club, Inc. (aka "Temptations"), N'Awlins Entertainment of Louisiana, Inc. d/b/a N'Awlins Entertainment Group Guy Olano, III, Guy Olano, Jr, and

Joseph Ascani be duly served with a copy of this Complaint and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiffs and the proposed FLSA Collective Action Class and against Defendants for all damages reasonable in the premises, and demands the following:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime and minimum wage provisions of the FLSA;

    b. An injunction prohibiting Defendants from engaging in future minimum wage pay, overtime or other FLSA violations;

    c. Awarding Plaintiffs and the proposed FLSA Collective Action Class minimum wage compensation for the hours worked for Defendants;

    d. Awarding Plaintiffs and the proposed FLSA Collective Action Class liquidated damages in an amount equal to the minimum wage award;

    e. Awarding Plaintiffs and the proposed FLSA Collective Action Class overtime compensation for the hours worked for Defendants in excess of 40 per week;

    f. Awarding Plaintiffs and the proposed FLSA Collective Action Class liquidated damages in an amount equal to the overtime wage award;

    g. Awarding Plaintiffs and the proposed FLSA Collective Class reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    h. Awarding Plaintiffs and the proposed FLSA Collective Action Class pre-judgment interest and all other interest to which they are entitled;

    i. Awarding Plaintiffs and the proposed FLSA Collective Action Class all other relief to which they are entitled.

/s/ *Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
   mjackson@jackson-law.net

AND

Christopher L. Williams (# 32269)
**WILLIAMS LITIGATION, L.L.C.**
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

*Attorneys for Plaintiffs and the FLSA Collective Action Plaintiffs*

**COUNSEL FOR DEFENDANTS HAS AGREED TO ACCEPT SERVICE ON THEIR BEHALF**