UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BROOKE RAMOS ET AL. | CIVIL ACTION |
| VERSUS | NO. 18-6573 |
| FAMOUS BOURBON MANAGEMENT GROUP, INC., ET AL. | SECTION: "H" |

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Conditional Class Certification under the Fair Labor Standards Act ("FLSA") (Doc. 13). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

This is a collective action for unpaid wages and overtime under the FLSA.[1] Plaintiffs Brooke Ramos and Taylor Jones allege that Defendants employed them as waitresses at a network of bars and restaurants in New Orleans. Plaintiffs further allege that Defendants underpaid them in violation of the FLSA in two ways. First, Plaintiffs allege that Defendants never paid Plaintiffs overtime for hours worked in excess of 40 hours a week. Second, Plaintiffs allege that Defendants took a "tip credit" from Plaintiffs' paychecks

---

[1] *See* 29 U.S.C. § 201 *et. seq.*

1

but then unlawfully forced Plaintiffs to "kick back" a percentage of their tips to Defendants' owners and managers.[2]

On November 11, 2018, Plaintiffs filed the instant Motion seeking conditional class certification for the following class of people: "All persons employed by Defendants since December 2015 who were subjected to an invalid tip credit policy because they were required to kick back a portion of their tips to Defendants' owners and managers in violation of the Fair Labor Standards Act, 29 U.S.C. 201, et seq. ("FLSA")."[3] Defendants opposed the Motion, arguing in part that the proposed class of people was too broad.[4] During a subsequent status conference, Plaintiffs agreed to narrow the proposed class from "all persons" to "all waitresses."[5]

## LAW AND ANALYSIS

### I. Eastern District of Louisiana's Approach to Conditional Certification Requests under the FLSA

The FLSA allows a plaintiff to bring a claim on his own behalf and on the behalf of others who are "similarly situated."[6] The FLSA does not define what it means for employees to be "similarly situated."

Courts have utilized two methods for determining whether plaintiffs are similarly situated, commonly referred to as the *Lusardi* approach and the *Shushan* approach.[7] The Fifth Circuit has not determined whether either

---

[2] Doc. 1 at 9.
[3] Doc. 13-1 at 2.
[4] *See* Doc. 18.
[5] *See* Doc. 23 at 2.
[6] 29 U.S.C § 216.
[7] *Compare* Shushan v. University of Colorado, 132 F.R.D. 263 (D. Colo. 1990) *with* Lusardi v. Werox Corp., 118 F.R.D. 351 (D.N.J. 1987).

2

approach is required.[8] The Eastern District of Louisiana, however, has consistently applied the approach first articulated in *Lusardi v. Werox Corp.*[9] This approach uses a two-step analysis.

First, at the "notice stage," the court determines whether notice should be given to potential members of the collective action, "usually based only on the pleadings and any affidavits."[10] Because the court has little evidence at this stage, "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."[11] Under *Lusardi*, although the standard for certification at the notice stage is lenient, courts generally require "at least substantial allegations that the FLSA Collective Class Members were together the victims of a single decision, policy, or plan" that is unlawful.[12] "Courts determining whether plaintiffs have submitted substantial allegations of a single plan have looked to 'whether potential plaintiffs were identified . . . whether affidavits of potential plaintiffs were submitted . . . and whether evidence of a widespread [unlawful] plan was submitted.'"[13] If the court grants conditional certification, the case proceeds as a collective action through discovery.[14]

The second step of the *Lusardi* approach occurs after discovery when the

---

[8] *See* Portillo v. Permanent Workers, L.L.C., 662 F. App'x 277, 279–80 (5th Cir. 2016) ("'This court has never set a legal standard for collective-action certification,' but we have affirmed at least two approaches.") (quoting Roussell v. Brinker Int'l, Inc., 441 Fed. Appx. 222, 226 (5th Cir. 2011) (unpublished)).

[9] *See, e.g.*, Smith v. Offshore Specialty Fabricators, Inc. 2009 WL 2046159, at *2 (E.D. La. July 13, 2009); Xavier v. Belfor USA Group, Inc., 585 F. Supp. 2d 873, 876 (E.D. La. 2008); Johnson v. Big Lots Stores, Inc., 561 F. Supp. 2d 559, 569 (E.D. La. 2008).

[10] Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1216 (5th Cir. 1995), *overruled on other grounds by* Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 (2003).

[11] *Id.* at 1214.

[12] *Smith*, 2009 WL 2046159, at *2 (quoting H&R Block, Ltd. v. Housden, 186 F.R.D. 399, 400 (E.D. Tex. 1999)).

[13] *Id.*

[14] *Mooney*, 54 F.3d at 1213–14.

defendant may move for decertification.[15] At that point, the court makes a factual inquiry, with the benefit of considerably more information, as to whether the employees are similarly situated.[16]

Under the *Lusardi* approach, courts apply a three-factor test to determine whether plaintiffs and potential members of the collective action are similarly situated. The factors include: "(1) the extent to which the employment settings of employees are similar or disparate, (2) the extent to which any defenses that an employer might have are common or individuated; and (3) general fairness and procedural considerations."[17]

## II. Conditional Certification is Warranted

Employers must pay employees minimum "wage" under the FLSA.[18] An employer, however, may pay an employee a salary *below* the minimum wage under certain circumstances if the employee receives tips that count toward the total "wage"—a tip credit—that an employer is obligated to pay an employee under the FLSA.[19] Still, regardless of whether an employer takes a tip credit, an employer "may not keep tips received by its employees for any purposes."[20] Thus, an employer is prohibited by the FLSA from requiring employees to "kick back" tips.[21]

Plaintiffs allege that Defendants violated the FLSA by forcing waitresses to return tips they earned to managers and owners of the restaurants and bars where Plaintiffs and proposed opt-in plaintiffs worked. In her declaration, Plaintiff Ramos swears that she worked for Defendants as a waitress from

---

[15] *Id.*
[16] *Id.*; *Xavier*, 585 F. Supp. 2d at 878.
[17] *Johnson*, 561 F. Supp. 2d at 573.
[18] 29 U.S.C. § 206(a).
[19] *Id.* § 203(m).
[20] *Id.* § 203(m)(2)(B).
[21] *Id.*

4

2013 until April of 2017 and that she was "required to pay a portion of [her] tips back to the house each shift."[22] She also swears that she is "personally aware that Defendants subjected other waitresses and tipped employees to the requirement that a portion of tips be given to the 'house.'"[23] Plaintiff Jones swears to the same facts with the only difference being that she worked for Defendants from May 2014 to March 2018.[24] Finally, opt-in plaintiff Abby St. Amant swears that she worked for Defendants as a waitress from July 2016 to June 2018 and that she too was subjected to Defendants' alleged kick back tip policy.[25]

Considering the lenient standard courts apply at this notice stage of the proceedings, Plaintiffs have submitted substantial allegations that they were together the victims of a single policy by Defendants that unlawfully required waitresses to return portions of their tips to their employers.[26] The employment settings of the proposed class are similar, any defenses that Defendants may have to Plaintiffs' claims likely are common, and it would not be unfair to conditionally certify the proposed class. Plaintiffs have thus met their burden at the notice stage to show they were similarly situated. As such, conditional class certification is warranted.

## III. Production of Contact Information

Counsel for Plaintiffs request that this Court order Defendants to

---

[22] Doc. 13-2 at 2.
[23] *Id.*
[24] Doc. 13-3.
[25] Doc. 13-4 at 2.
[26] *See, e.g.*, Maldonado v. New Orleans Millworks, LLC, 294 F. Supp. 3d 520, 528 (E.D. La. 2018) (Barbier, J.) (relying on four declarations filed by plaintiffs to support granting conditional class certification); Escobar v. Ramelli Grp., L.L.C., No. 16-15848, 2017 WL 3024741, at *3 (E.D. La. July 17, 2017) (relying on six affidavits to support granting conditional class certification); Skelton v. Sukothai, LLC, 994 F. Supp. 2d 785, 787 (E.D. La. 2014) (Berrigan, J.) (relying on apparently only one affidavit from plaintiff to support granting conditional class certification).

provide the names, last known addresses, e-mail addresses, and phone numbers of all potential class members in the form of "a computer-readable database" within 30 days of this Order.[27] "[T]he production of addresses and e-mail addresses is common practice," and so is the production of phone numbers.[28] Further, Defendants have not objected to this request. Accordingly, Defendant must produce such records in the form request by Plaintiffs within 30 days of this Order.

## IV. Judicial Notice

Plaintiffs have submitted a proposed notice and consent form to send to the potential class members.[29] The proposed notice form does not contain the updated language for the proposed class. The class proposed by Plaintiffs in their Reply brief includes the following people: "All waitresses employed by Defendants since December 2015 who were subjected to an invalid tip credit policy because they were required to kick back a portion of their tips to Defendants' owners and managers in violation of the Fair Labor Standards Act, 29 U.S.C. 201, et seq. ("FLSA")."[30] Defendants argue that the proposed class should be limited to waitresses who began working for them no earlier than 2016 because the FLSA includes a two-year statute of limitations and Plaintiffs filed their Complaint in July 2018.[31] Plaintiffs respond that Defendants violations were willful,[32] and willful violations are covered by a three year statute of limitations.[33] Plaintiffs argue that a determination regarding Defendants' alleged willfulness is inappropriate at the notice stage

---

[27] Doc. 13-1 at 13.
[28] *Escobar*, 2017 WL 3024741, at *3 (citing White v. Integrated Tech., Inc., 2013 WL 2903070 at *9 (E.D. La. June 13, 2013) (Morgan, J.)).
[29] *See* Docs. 13-6 (notice form); 13-7 (consent form).
[30] Doc. 23 at 2.
[31] *See* 29 U.S.C. § 255 (FLSA's statute of limitations)
[32] *See* Doc. 1 at 2.
[33] 29 U.S.C. § 255(a).

6

because underlying factual disputes should be reserved until more discovery has been completed.[34]

The Fifth Circuit has held in the context of the FLSA's statute of limitations that "[w]illfulness is a question of fact."[35] It is not appropriate for district courts to resolve factual disputes or make credibility determinations at the notice stage of a proposed collective action.[36] Other sections of this court have held that questions of fact regarding a defendant's alleged willfulness is just such a question that is inappropriate to decide at the conditional certification stage.[37] This Court agrees. As such, this Court finds that limiting the proposed class to employees who only worked for Defendants within two years of this suit being filed would be inappropriate.

## V. Length of the Opt-In Period

Plaintiffs request a 90-day time period after distribution of the notices for interested putative class members to file their consents with the Court.

---

[34] Doc. 23 at 2.
[35] Steele v. Leasing Enterprises, Ltd., 826 F.3d 237, 248 (5th Cir. 2016).
[36] *See* McKnight v. D. Houston, Inc., 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010) ("Neither stage of certification is an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations."); Santinac v. Worldwide Labor Support of Illinois, Inc., 107 F. Supp. 3d 610, 615 (S.D. Miss. 2015) ("It is not the role of this Court to resolve factual disputes over the merits of the claims at the notice stage."); Gronefeld v. Integrated Prod. Servs., Inc., No. 5:16-55, 2016 WL 8673851, at *4 (W.D. Tex. Apr. 26, 2016) ("Courts do not resolve factual disputes or decide merits issues at the conditional certification stage.").
[37] Hobbs v. Cable Mktg. & Installation of Louisiana, Inc., 290 F. Supp. 3d 589, 599 (E.D. La. 2018) (Lemelle, J.) ("Given their fact-bound nature, questions about tolling the statute of limitations in a FLSA collective action are premature at the conditional certification stage."); Sandlin v. Grand Isle Shipyard, Inc., No. 17-10083, 2018 WL 2065595, at *8 n.36 (E.D. La. May 3, 2018) (Africk, J.) ("The Court is not deciding at this time whether the two-year or the three-year statute of limitations applies in this case."); Gremillion v. Cox Commc'ns Louisiana, No. 16-9849, 2017 WL 2688217, at *6 (E.D. La. June 22, 2017) (Van Meerveld, J.) ("At this early stage, the Court is not convinced that [the plaintiff] will not be able prove willfulness. Accordingly, a three year period will be used for notice purposes."); Lima v. Int'l Catastrophe Sols., Inc., 493 F. Supp. 2d 793, 804 (E.D. La. 2007) (Fallon, J.) (finding that it was "premature" to make a determination regarding whether the three year statute of limitations applied at the conditional certification stage).

Defendants have not opposed this time period. Other sections of this Court have found a 90-day opt-in period appropriate in cases that do not present unusually large or complex proposed classes.[38] As such, the Court finds that a 90-day proposed opt-in period is appropriate in this case.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **GRANTED**.

**IT IS ORDERED** that Plaintiffs' Complaint is conditionally certified to proceed as a collective action under the FLSA, defining the following class of people: "All waitresses employed by Defendants since December 2015 who were subjected to an invalid tip credit policy because they were required to kick back a portion of their tips to Defendants' owners and managers in violation of the Fair Labor Standards Act, 29 U.S.C. 201, et seq. ("FLSA")."

**IT IS FURTHER ORDERED** that Defendant shall provide Plaintiffs the names, last known addresses, e-mail addresses, and telephone numbers of potential collective action plaintiffs in the form of a computer-readable database within 30 days of this Order.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a revised notice form that complies with this Order within 10 days of this Order.

**IT IS FURTHER ORDERED** that class members seeking to opt in to this case shall have 90 days from the date on which the notice and consent forms are mailed to opt in to the lawsuit.

---

[38] *Maldonado*, 294 F. Supp. 3d at 528; Esparza v. Kostmayer Constr., LLC, No. 15-4644, 2016 WL 3567060, at *5 (E.D. La. July 1, 2016) (Morgan, J.); *Lima*, 493 F. Supp. 2d at 804 ("The Court believes that an opt-in period of ninety days is adequate. This period sufficiently affords the Plaintiffs the time needed to locate potential opt-in plaintiffs who have migrated to other areas, but is not so unreasonable as to be overly burdensome or excessive for the Defendants.")

8

New Orleans, Louisiana this 1st day of February, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**